Michael Ryan Jones
JONES INTELLECTUAL PROPERTY
44 Court St #1217
Brooklyn, NY 11201
Telephone: (845) 206-9591

*Attorney for Plaintiff Tara Mapes*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARA MAPES<br><br>     Plaintiff,<br><br>  v.<br><br>TABOOLA, INC.<br><br>     Defendant. | Case No. 1:26-cv-00234<br><br><br>**COMPLAINT** |

Plaintiff Tara Mapes ("Plaintiff" or "Mapes"), complaining of Defendant Taboola, Inc., ("Defendant" or "Taboola") alleges and says as follows:

## PARTIES

1.      Plaintiff is an individual and professional photographer and visual artist who creates, publishes, licenses, and commercially exploits original photographic works and related visual content. Plaintiff is the sole author and copyright owner of the copyrighted photographic works at issue in this action. Plaintiff's original photographic works are customarily published and licensed with identifying authorship and copyright attribution.

2.      Plaintiff's photographic works are distributed and displayed through her professional website and other authorized channels and are protected under the Copyright Act, 17 U.S.C. § 101 et seq.

3.      Plaintiff has obtained federal copyright registrations for the photographic works at issue from the United States Copyright Office, including registrations that predate the infringing acts alleged herein.

4.      Defendant Taboola, Inc. is a corporation with its principal place of business at 1115 Broadway, 7th Floor, New York, New York 10010.

5.      Upon information and belief, Taboola operates a large-scale digital advertising and content-recommendation network that distributes, displays, and monetizes third-party advertising content across numerous publisher websites, including within this District.

6.      Upon information and belief, Taboola operates and controls an online advertising and content-recommendation platform through which third-party advertisements are placed, distributed, displayed, and monetized across publisher websites.

7.    Upon information and belief, Taboola derives revenue from the dissemination and monetization of advertisements supplied by advertisers and merchants, including advertisements that incorporate or display visual content.

8.    At all relevant times, Taboola acted either directly or through relationships with advertisers, merchants, and other third parties in connection with the conduct alleged herein.

## JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Act and the Lanham Act.

10.    This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11.    This Court has personal jurisdiction over Defendant because Taboola is headquartered in New York and conducts substantial business in this District.

12.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendant resides in this District and committed acts of infringement herein.

## STATEMENT OF FACTS

13.    Plaintiff is the sole author and owner of eight registered groups of photographic works, each registration covering multiple distinct images (collectively, the "Registered Works"):

- VA0002449231 (Titled: *Iris Bliss*)

- VA0002459794 (Titled: *Gingerbread Kids*)

- VA0002464858 (Titled: *Harper Anna Hot Pink Dress*)

- VA0002464855 (Titled: *Harper Mint Anna Gown*)

- VA0002464859 (Titled: *Harper Red Dress*)

- VA0002463402 (Titled: *Harper Spring Dress*)

- VA0002464852 (*Libby Rapunzel*)

- VA0002464857 (*Libby Short Red Dress*)

14.     Each registration remains in full force and effect.

15.     Upon information and belief, Taboola displayed and distributed advertisements incorporating the "Registered Works" through its advertising network without Plaintiff's authorization.

16.     Upon information and belief, the advertisements incorporated the "Registered Works" in connection with the promotion of counterfeit or infringing goods offered by third-party merchants, including goods offered for sale through AliExpress and affiliated sellers.

17.     Beginning in or about April 2025, Plaintiff discovered that her copyrighted works were appearing in advertisements served through Taboola's advertising network without her permission.

18.     Upon information and belief, the infringing advertisements were disseminated through advertiser accounts permitted to operate within Taboola's systems.

19.     Upon information and belief, the infringing advertisements originated from one advertiser, or from multiple advertiser accounts operating under a common commercial umbrella, as reflected in the manner in which the advertisements were served and managed within Taboola's advertising network.

20.     Upon information and belief, Taboola served advertisements incorporating multiple distinct copyrighted works owned by Plaintiff that were associated with the same advertiser or affiliated advertisers, reflecting a repeated and continuing pattern of infringement observable from Taboola's systems.

21.    Plaintiff provided Taboola with multiple written notices identifying the unauthorized use of Plaintiff's copyrighted works in advertisements served through Taboola's network.

22.    Upon information and belief, Taboola received notices identifying the unauthorized use of each of the Registered Works which included notices identifying the collective association of those works with the same advertiser or affiliated advertisers.

23.    Upon information and belief, Taboola received notices identifying AliExpress and affiliated Alibaba as the advertiser responsible of the unauthorized use of each of the Registered Works.

24.    Upon information and belief, Taboola received multiple notices identifying the unauthorized use of Plaintiff's copyrighted works in advertisements served through Taboola's advertising network.

25.    Upon information and belief, those notices identified the unauthorized use of each of Plaintiff's copyrighted works, including different works from each registered group, identified at different times as the infringing advertisements continued to appear.

26.    Upon information and belief, the notices further identified that the infringing advertisements associated with Plaintiff's copyrighted works originated from the same advertiser or affiliated advertisers operating under a common commercial umbrella within Taboola's advertising network.

27.    Upon information and belief, the unauthorized use of the Registered Works was repeatedly escalated to Taboola through counsel, including written communications identifying the continued infringement and the need for corrective action.

28.     Upon information and belief, despite receiving repeated notices and escalated communications over an extended period of time, Taboola continued to display and distribute advertisements incorporating Plaintiff's copyrighted works through its advertising network.

29.     Upon information and belief, Defendant is aware that the single advertiser or affiliated advertisers are repeat infringers of the Registered Works.

30.     Upon information and belief, the advertiser or affiliated advertisers responsible for the infringing advertisements continued to submit advertisements incorporating Plaintiff's copyrighted works after prior advertisements incorporating the same works had been identified as infringing.

31.     Upon information and belief, in response to certain notices, Taboola disabled or deactivated only specific URLs associated with advertisements incorporating Plaintiff's copyrighted works.

32.     Upon information and belief, disabling or deactivating individual URLs did not remove, disable, or otherwise restrict the underlying advertising creatives incorporating the Registered Works.

33.     Upon information and belief, Taboola did not remove, disable, or otherwise restrict the advertising creatives incorporating the Registered Works, which continued to be shown in connection with advertisements served and displayed through Taboola's advertising network.

34.     Upon information and belief, the advertising creatives incorporating the Registered Works continued to be served and displayed through Taboola's advertising network after the disabling of individual URLs.

35.     Upon information and belief, the advertising creatives incorporating the Registered Works are stored by Taboola.

36.     Upon information and belief, the advertising creatives incorporating the Registered Works are under Taboola's custody or control.

37.     Upon information and belief, Taboola did not restrict the ability of the advertiser or affiliated advertisers responsible for the repeated infringement to continue accessing and using Taboola's advertising network.

38.     Upon information and belief, Taboola did not remove, block, ban, or otherwise disable the advertiser or affiliated advertisers responsible for the repeated unauthorized use of Plaintiff's works.

39.     Upon information and belief, Taboola's failure to restrict or disable that advertiser's access enabled the continued creation, submission, and dissemination of advertisements incorporating the Registered Works, which infringement continued through the filing of this Complaint.

40.     Upon information and belief, advertisements incorporating Plaintiff's copyrighted works continued to be served and displayed through Taboola's advertising network as a result of this conduct, including at and through the time of the filing of this Complaint.

41.     Upon information and belief, Taboola has restricted the display of advertisements incorporating Plaintiff's copyrighted works such that those advertisements are not displayed to Plaintiff, while remaining visible and publicly accessible to users and accounts not associated with Plaintiff.

42.     At all relevant times, Plaintiff conveyed copyright management information ("CMI") in connection with her copyrighted photographic works, including her name as author, copyright ownership information, and source attribution identifying Plaintiff as the creator of the works.

43.    Such CMI was conveyed in connection with the authorized publication and display of Plaintiff's images, including through visible attribution and identifying information accompanying the works, within the meaning of 17 U.S.C. § 1202(c).

44.    Upon information and belief, Defendants, without Plaintiff's authorization, intentionally removed and/or altered Plaintiff's CMI by distributing advertisements and promotional content incorporating Plaintiff's photographs in a manner that omitted the identifying authorship and copyright information originally conveyed with the works.

45.    Upon information and belief, Defendant extracted Plaintiff's images from their original context and reproducing them in altered, reformatted, recolored, or re-rendered form without accompanying attribution.

46.    Defendants' removal and alteration of Plaintiff's CMI continued after Defendants received notice of Plaintiff's ownership of the copyrighted works and objections to their unauthorized use, including through infringement notices identifying Plaintiff as the copyright owner.

47.    Despite such notice, Defendants continued to distribute and monetize advertisements incorporating Plaintiff's copyrighted works without restoring, including, or otherwise conveying Plaintiff's CMI.

48.    Upon information and belief, Defendants acted with actual knowledge, or at a minimum with reasonable grounds to know, that the removal or alteration of Plaintiff's CMI would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrighted works.

49.    Defendants' continued post-notice distribution of Plaintiff's copyrighted images without accompanying CMI demonstrates knowledge both that CMI had been removed or altered

and that such removal or alteration would facilitate ongoing infringement, within the meaning of 17 U.S.C. § 1202(b).

50.    Plaintiff has documented hundreds of instances in which her copyrighted works appeared in advertisements served through Taboola's network.

51.    Plaintiff has preserved documentary evidence, screenshots, and advertising records reflecting these instances.

52.    The unauthorized association of Plaintiff's copyrighted works and branding with counterfeit or inferior goods has damaged Plaintiff's professional reputation, diluted her goodwill, and created false associations between Plaintiff and products she does not endorse or approve.

53.    All conditions precedent to the institution of this action and to Plaintiff's entitlement to the relief sought herein have been performed, satisfied, or waived.

**Copyright-Related Facts**

<u>Registered Works 1: Iris Bliss: U.S. Copyright Registration No. VA0002449231</u>

54.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002449231, titled *Iris Bliss* (the "Iris Bliss" Registered Works).

55.    Registration No. VA0002449231 covers multiple original photographic images created by Plaintiff.

56.    United States Copyright Registration No. VA0002449231 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

57.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Iris Bliss in advertisements served and disseminated through Defendant's advertising network without Plaintiff's authorization.

58.    Upon information and belief, Iris Bliss was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

59.    Upon information and belief, Defendant received multiple Digital Millennium Copyright Act ("DMCA") notices identifying the unauthorized use of Iris Bliss in advertisements served through Defendant's advertising network.

60.    Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating Iris Bliss through its advertising network, including at and through the time of filing of this Complaint.

61.    Upon information and belief, the unauthorized use of Iris Bliss occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

Registered Works 2: Gingerbread Kids: U.S. Copyright Registration No. VA0002459794

62.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002459794, titled *Gingerbread Kids* (the "Gingerbread Kids" Registered Works).

63.    Registration No. VA0002459794 covers multiple original photographic images created by Plaintiff.

64.     United States Copyright Registration No. VA0002459794 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

65.     Upon information and belief, Defendant displayed and distributed unauthorized copies of Gingerbread Kids in advertisements served and disseminated through Defendant's advertising network without Plaintiff's authorization.

66.     Upon information and belief, Gingerbread Kids was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

67.     Upon information and belief, Defendant received multiple DMCA notices identifying the unauthorized use of Gingerbread Kids, in advertisements served through Defendant's advertising network.

68.     Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating Gingerbread Kids through its advertising network, including at and through the time of filing of this Complaint.

69.     Upon information and belief, the unauthorized use of Gingerbread Kids occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

<u>Registered Works 3: Harper Anna Hot Pink Dress: U.S. Copyright Registration No.</u>

<u>VA0002464858</u>

70.     Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No.

VA0002464858, titled *Harper Anna Hot Pink Dress* (the **"**Harper Anna Hot Pink Dress**"** Registered Works).

71.    Registration No. VA0002464858 covers multiple original photographic images created by Plaintiff.

72.    United States Copyright Registration No. VA0002464858 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

73.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Harper Anna Hot Pink Dress in advertisements served and disseminated through Defendant's advertising network without Plaintiff's authorization.

74.    Upon information and belief, Harper Anna Hot Pink Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

75.    Upon information and belief, Defendant received multiple DMCA notices identifying the unauthorized use of Harper Anna Hot Pink Dress in advertisements served through Defendant's advertising network.

76.    Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating Harper Anna Hot Pink Dress through its advertising network, including at and through the time of filing of this Complaint.

77.    Upon information and belief, the unauthorized use of Harper Anna Hot Pink Dress occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

Registered Works 4: Harper Mint Anna Gown: U.S. Copyright Registration No. VA0002464855

78.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464855, titled *Harper Mint Anna Gown* (the "Harper Mint Anna Gown" Registered Works).

79.    Registration No. VA0002464855 covers multiple original photographic images created by Plaintiff.

80.    United States Copyright Registration No. VA0002464855 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

81.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Harper Mint Anna Gown.

82.    Upon information and belief, Harper Mint Anna Gown was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

83.    Upon information and belief, Defendant received multiple DMCA notices identifying the unauthorized use of Harper Mint Anna Gown in advertisements served through Defendant's advertising network.

84.    Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating the *Harper Mint Anna Gown* work through its advertising network, including at and through the time of filing of this Complaint.

85.    Upon information and belief, the unauthorized use of Harper Mint Anna Gown occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

Registered Works 5: Harper Red Dress: U.S. Copyright Registration No. VA0002464859

86.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464859, titled *Harper Red Dress* (the "Harper Red Dress" Registered Works).

87.    Registration No. VA0002464859 covers multiple original photographic images created by Plaintiff.

88.    United States Copyright Registration No. VA0002464859 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

89.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Harper Red Dress work in advertisements served and disseminated through Defendant's advertising network without Plaintiff's authorization.

90.    Upon information and belief, Harper Red Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

91.    Upon information and belief, Defendant received multiple DMCA notices identifying the unauthorized use of Harper Red Dress in advertisements served through Defendant's advertising network.

92.    Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating Harper Red Dress through its advertising network, including at and through the time of filing of this Complaint.

93.    Upon information and belief, the unauthorized use of Harper Red Dress occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

Registered Works 6: Harper Spring Dress: U.S. Copyright Registration No. VA0002463402

94.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002463402, titled *Harper Spring Dress* (the "Harper Spring Dress" Registered Works).

95.    Registration No. VA0002463402 covers multiple original photographic images created by Plaintiff.

96.    United States Copyright Registration No. VA0002463402 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

97.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Harper Spring Dress in advertisements served and disseminated through Defendant's advertising network without Plaintiff's authorization.

98.    Upon information and belief, Harper Spring Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

99.    Upon information and belief, Defendant received multiple DMCA notices identifying the unauthorized use of Harper Spring Dress in advertisements served through Defendant's advertising network.

100.    Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating Harper Spring Dress through its advertising network, including at and through the time of filing of this Complaint.

101.    Upon information and belief, the unauthorized use of Harper Spring Dress the occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

Registered Works 7: Libby Rapunzel: U.S. Copyright Registration No. VA0002464852

102.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464852, titled *Libby Rapunzel* (the "Libby Rapunzel" Registered Works).

103.    Registration No. VA0002464852 covers multiple original photographic images created by Plaintiff.

104.    United States Copyright Registration No. VA0002464852 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

105.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Libby Rapunzel in advertisements served and disseminated through Defendant's advertising network without Plaintiff's authorization.

106.    Upon information and belief, Libby Rapunzel incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

107.    Upon information and belief, Defendant received multiple DMCA notices identifying the unauthorized use of Libby Rapunzel in advertisements served through Defendant's advertising network.

108.    Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating Libby Rapunzel through its advertising network, including at and through the time of filing of this Complaint.

109.    Upon information and belief, the unauthorized use of Libby Rapunzel occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

Registered Works 8: Libby Short Red Dress: U.S. Copyright Registration No. VA0002464857

110.    Plaintiff is the sole author and owner of a group of original copyrighted photographic works registered with the United States Copyright Office under Registration No. VA0002464857, titled *Libby Short Red Dress* (the "Libby Short Red Dress" Registered Works).

111.    Registration No. VA0002464857 covers multiple original photographic images created by Plaintiff.

112.    United States Copyright Registration No. VA0002464857 is valid, subsisting, and in full force and effect, and was issued by the United States Copyright Office prior to the infringing acts alleged herein.

113.    Upon information and belief, Defendant displayed and distributed unauthorized copies of Libby Short Red Dress in advertisements served and disseminated through Defendant's advertising network without Plaintiff's authorization.

114.    Upon information and belief, Libby Short Red Dress was incorporated into advertisements promoting counterfeit or infringing goods offered for sale by third-party merchants through Defendant's advertising network.

115.    Upon information and belief, Defendant received multiple DMCA notices identifying the unauthorized use of Libby Short Red Dress in advertisements served through Defendant's advertising network.

116.    Upon information and belief, notwithstanding receipt of those notices, Defendant continued to display and distribute advertisements incorporating Libby Short Red Dress through its advertising network, including at and through the time of filing of this Complaint.

117.    Upon information and belief, the unauthorized use of Libby Short Red Dress work occurred as part of a repeated pattern of infringement associated with the same advertiser or affiliated advertisers operating through Defendant's advertising network.

**Trademark-Related Facts**

118.    Upon information and belief, Plaintiff owns valid and protectable trademark rights in the names, branding, and visual identifiers associated with her name, business name, photography business, photographic works, and the Registered Works. (collectively, the "Plaintiff's Trademarks").

119.    Plaintiff has used Plaintiff's Trademarks continuously in interstate commerce in connection with professional photography services, and the sale and licensing of photographic

works, such that Plaintiff's Trademarks have acquired distinctiveness and are recognized by consumers as identifying Plaintiff as the source of those services and offerings.

120.    Upon information and belief, Taboola displayed, distributed, and monetized advertisements incorporating Plaintiff's Trademarks in connection with the advertising and promotion of goods offered for sale by third-party merchants through Taboola's advertising network.

121.    Upon information and belief, Plaintiff's Trademarks incorporated into the advertisements were identical to or substantially indistinguishable from Plaintiff's Trademarks and were used without authorization, consent, or license.

122.    Upon information and belief, Taboola served and monetized advertisements incorporating Plaintiff's Trademarks to promote counterfeit or infringing goods.

123.    Upon information and belief, Taboola's served and monetized advertisements incorporating Plaintiff's Trademarks to promote counterfeit or infringing goods has created a false association between Plaintiff and the advertised products.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

124.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

125.    Plaintiff owns valid and subsisting copyrights in the copyrighted photographic works at issue, including the eight registered group works identified above, all of which are registered with the United States Copyright Office.

126.    Plaintiff has registered its copyrighted works with the United States Copyright Office and has complied with all statutory formalities.

127.    Taboola has violated Plaintiff's exclusive rights under 17 USCS § 106 to reproduce, distribute, and display the copyrighted works.

128.    Taboola reproduced, distributed, and publicly displayed Plaintiff's copyrighted works by serving advertisements incorporating those works through its advertising network multiple times without Plaintiff's authorization.

129.    Taboola's actions were undertaken without Plaintiff's permission, license, or consent.

130.    As a direct and proximate result of Taboola's infringement, Plaintiff has suffered and continues to suffer damages.

## COUNT II – WILLFUL COPYRIGHT INFRINGEMENT (17 U.S.C. § 504)

131.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

132.    Plaintiff's copyrighted photographic works contained or were conveyed in connection with copyright management information, including Plaintiff's name as author and copyright ownership information, as defined by 17 U.S.C. § 1202(c).

133.    Defendants, without Plaintiff's authority, intentionally removed and/or altered such CMI and knowingly distributed copies of Plaintiff's copyrighted works with CMI removed or altered, in violation of 17 U.S.C. § 1202(b)(1) and (3).

134.    Defendants knew, or had reasonable grounds to know, that the removal or alteration of Plaintiff's CMI would induce, enable, facilitate, or conceal infringement of Plaintiff's copyrighted works.

135.    Defendants' continued distribution of Plaintiff's copyrighted works without accompanying copyright management information after receiving notice of Plaintiff's rights

establishes that Defendants knew, or had reasonable grounds to know, that the removal or alteration of such CMI would induce, enable, facilitate, or conceal infringement, in violation of 17 U.S.C. § 1202(b).

136.    As a direct and proximate result of Defendants' violations of 17 U.S.C. § 1202, Plaintiff has suffered damages and is entitled to recover statutory damages, actual damages, Defendants' profits, injunctive relief, costs, and attorneys' fees as provided by law.

### COUNT III – WILLFUL COPYRIGHT INFRINGEMENT (17 U.S.C. § 504)

137.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

138.    Taboola's infringement of Plaintiff's copyrights was willful.

139.    Plaintiff sent multiple DMCA notices to Taboola identifying the infringement of each of the Registered Works.

140.    Each DMCA notice requested the removal of the infringing creative.

141.    Despite repeated notice, Taboola failed to remove or disable access to infringing advertising creatives and continued serving and monetizing advertisements incorporating the Registered Works across its advertising network, including after certain URLs associated with infringing advertisements were disabled.

142.    Despite repeated notice, Taboola failed to remove or disable access to the infringing advertising creatives and continued serving them across its network, including after representing that certain URLs had been disabled.

143.    Taboola continued to serve advertisements incorporating Plaintiff's copyrighted works after receiving multiple notices identifying the infringement and failed to take effective steps to prevent continued unauthorized use.

144.    Taboola profited from the continued dissemination of infringing advertisements despite having actual knowledge of the infringement.

145.    Taboola's willful infringement entitles Plaintiff to enhanced statutory damages under 17 U.S.C. § 504.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

146.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

147.    Upon information and belief, third parties created and submitted advertisements promoting AliExpress and Alibaba that incorporated the Registered Works without authorization.

148.    Taboola had knowledge of the infringing activity.

149.    Taboola received multiple DMCA notices identifying the infringing content.

150.    Despite this knowledge, Taboola materially contributed to the infringing activity.

151.    Taboola materially contributed to the infringement by providing the infrastructure and services through which infringing advertisements incorporating Plaintiff's copyrighted works were reproduced, distributed, and publicly displayed.

152.    Taboola's actions facilitated and amplified the infringement by making the infringing content available to a wider audience.

153.    Taboola's continued provision of its advertising network and services enabled the infringing advertisements to be reproduced, distributed, and publicly displayed.

154.    As a direct and proximate result of Taboola's contributory infringement, Plaintiff has suffered and continues to suffer damages.

## COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT

155.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

156.    Third parties, including advertisers operating under the AliExpress and Alibaba commercial umbrella, directly infringed the Registered Works.

157.    Taboola had the right and ability to supervise or control the infringing activity.

158.    Taboola has the ability to control what content is ingested into its system, stored in its infrastructure, and distributed across its network.

159.    Taboola has the technical capability to filter, block, or remove infringing content from its ad-serving network.

160.    Taboola has the ability to restrict or terminate access to its advertising network by advertisers responsible for repeated infringement.

161.    Taboola failed to exercise its supervisory authority to prevent or halt the infringing activity, despite its knowledge of the infringement and its ability to do so.

162.    Taboola received a direct financial benefit from the infringing activity.

163.    Taboola monetizes every impression or click on the advertisements it serves, including the infringing ones.

164.    Taboola's revenue increases with the number of impressions and clicks generated by the advertisements it serves, including advertisements incorporating the Registered Works.

165.    Taboola's receipt of a direct financial benefit from the infringing activity, combined with its right and ability to control that activity, renders it vicariously liable for the infringement.

166.    As a direct and proximate result of Taboola's vicarious infringement, Plaintiff has suffered and continues to suffer damages.

## COUNT VI – VIOLATION OF DMCA § 512(I) - FAILURE TO IMPLEMENT REPEAT INFRINGER POLICY

167.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

168.    Taboola is a service provider that would typically seek safe harbor protection under the DMCA.

169.    To qualify for safe harbor protection under the DMCA, a service provider must adopt and reasonably implement a policy for terminating repeat infringers in appropriate circumstances, as required by 17 U.S.C. § 512(i)(1)(A).

170.    Taboola has failed to adopt and reasonably implement such a policy.

171.    Despite receiving multiple DMCA notices about the same infringing content originating from advertisers operating under the AliExpress and Alibaba commercial umbrella, Taboola has continued to serve hundreds of instances of the Registered Works since May 2025.

172.    Plaintiff provided Taboola with multiple DMCA-compliant notices identifying unauthorized use of the Registered Works in advertisements served through Taboola's advertising network.

173.    Despite receiving repeated notice, Taboola failed to meaningfully restrict or terminate the advertiser or advertisers responsible for the repeated infringement and continued serving advertisements incorporating the Registered Works through its advertising network.

174.    Taboola's response to Plaintiff's notices was limited to disabling individual URLs associated with infringing advertisements, without preventing the continued dissemination of infringing content through its advertising network.

175. By permitting repeated infringement to continue after notice, Taboola failed to reasonably implement a repeat infringer policy as required by 17 U.S.C. § 512(i).

176. Taboola's continued serving of the same infringing content after multiple notices demonstrates its failure to implement a repeat infringer policy as required by 17 U.S.C. § 512.

177. As a result of Taboola's failure to reasonably implement a repeat infringer policy, it is not entitled to safe harbor protection under the DMCA.

178. Taboola's failure to implement a repeat infringer policy has resulted in continued infringement of Plaintiff's copyrights, causing Plaintiff to suffer damages.

## COUNT VII – FALSE DESIGNATION OF ORIGIN / UNREGISTERED MARK INFRINGEMENT (15 U.S.C. § 1125(a))

179. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

180. Plaintiff owns valid, legally protectable trademarks used in connection with her photography services, photographic works, and related goods and services.

181. Plaintiff's trademarks are distinctive and identify Plaintiff as the source of her photography and creative works.

182. In commerce, Taboola used the Plaintiff's Trademarks, or marks and trade dress that were identical or confusingly similar to Plaintiff's Trademarks, by serving advertisements that incorporated the Registered Works, Plaintiff's branding, and Plaintiff's distinctive visual identifiers.

183. Consumers encountering the advertisements would reasonably believe that Plaintiff endorsed, sponsored, or was otherwise affiliated with the advertised goods

184.    Taboola used Plaintiff's trademarks by serving advertisements that incorporated Plaintiff's exact images, branding, and visual identifiers to promote AliExpress advertisements.

185.    The advertisements served through Taboola's network promoted goods offered under the AliExpress brand while displaying Plaintiff's trademarks without authorization.

186.    Taboola's use of Plaintiff's trademarks occurred in connection with the advertising, offering for sale, and promotion of goods.

187.    Taboola's use of Plaintiff's trademarks was without Plaintiff's permission, license, or consent.

188.    Taboola's use of marks and trade dress that were identical or confusingly similar to Plaintiff's trademarks was likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the advertised goods, and falsely suggested an association, affiliation, sponsorship, or approval by Plaintiff.

189.    Taboola continued serving advertisements incorporating Plaintiff's trademarks after receiving multiple notices identifying the unauthorized use of those trademarks.

190.    As a direct and proximate result of Taboola's false designation of origin and unregistered mark infringement, Plaintiff has suffered and continues to suffer damages, including loss of goodwill, reputational harm, and damage to the distinctiveness of the Plaintiff's Trademarks.

## COUNT VIII – FALSE ENDORSEMENT (15 U.S.C. § 1125(a))

191.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

192.    Plaintiff has a protectable interest in her identity, persona, brand, and trademarks as a professional photographer.

193.    Taboola used Plaintiff's identity, trademarks, and copyrighted images in commerce in connection with advertisements served through its advertising network.

194.    Taboola served advertisements promoting AliExpress that incorporated Plaintiff's images, branding, and visual identifiers.

195.    Taboola served and monetized advertisements promoting third-party goods, including AliExpress-branded products which incorporated Plaintiff's images, branding, and visual identifiers.

196.    Taboola's use of Plaintiff's identity and branding in commercial advertising falsely implied that Plaintiff was affiliated with, endorsed, sponsored, or approved the advertised goods.

197.    Taboola's use of Plaintiff's identity and trademarks was likely to cause confusion among consumers as to Plaintiff's sponsorship or approval of the advertised goods.

198.    Consumers viewing the advertisements would reasonably believe that Plaintiff endorsed or was associated with the advertised goods.

199.    Taboola continued serving advertisements incorporating Plaintiff's identity and trademarks after receiving multiple notices identifying the unauthorized use.

200.    As a direct and proximate result of Taboola's false endorsement, Plaintiff has suffered and continues to suffer damages including loss of control over her professional reputation, harm to goodwill, and commercial injury.

## COUNT IX – NEW YORK COMMON LAW UNFAIR COMPETITION

201.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 115 as if fully set forth herein.

202.    Plaintiff has protectable property interests in her trademarks, branding, copyrighted works, professional reputation, and the goodwill associated with her business.

203.    Taboola engaged in unfair competition under New York common law by misappropriating Plaintiff's property and goodwill for its own commercial advantage.

204.    Specifically, Taboola incorporated Plaintiff's copyrighted images, branding, and distinctive visual identifiers into advertisements served and monetized through its advertising network to promote third-party goods, including AliExpress-branded products, without authorization.

205.    Taboola's conduct constituted bad-faith misappropriation of Plaintiff's creative works and commercial reputation.

206.    Taboola continued serving advertisements incorporating Plaintiff's works after receiving multiple notices identifying the unauthorized use.

207.    Taboola's misappropriation and conduct was likely to cause public confusion as to the source, sponsorship, or approval of the advertised goods.

208.    By trading on Plaintiff's goodwill and reputation, Taboola unjustly enriched itself and caused harm to Plaintiff's brand value and professional standing.

209.    As a direct and proximate result of Taboola's unfair competition and bad-faith misappropriation, Plaintiff has suffered and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and grant:

A.    A preliminary and permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Taboola from infringing Plaintiff's copyrights, either directly, contributorily, or vicariously, and requiring Taboola to implement effective measures to prevent future infringement, including but not limited to implementing an effective repeat infringer policy and content filtering system.

B.      Actual damages suffered by Plaintiff as a result of Taboola's infringement, together with any profits of Taboola attributable to the infringement, pursuant to 17 U.S.C. § 504.

C.      In the alternative, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 504 for each infringed copyrighted work, in an amount of up to $30,000 per work infringed, or up to $150,000 per work for willful infringement.

D.      Statutory damages pursuant to 17 U.S.C. § 1203(c) for Defendants' removal or alteration of copyright management information in violation of 17 U.S.C. § 1202, in an amount to be determined at trial.

E.      Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

F.      Pre-judgment and post-judgment interest to the extent permitted by law.

G.      An award of damages, disgorgement of Defendant's profits, and injunctive relief pursuant to the Lanham Act, including but not limited to 15 U.S.C. §§ 1116 and 1117.

H.      An award of injunctive and monetary relief under New York common law, including relief for unfair competition and misappropriation.

I.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.